UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRIAN E. HEIBEL,** *et al.*,

    **Plaintiff,**

v.

**U.S. BANK NATIONAL ASSOCIATION,**

    **Defendant.**

Case No. 2:11-CV-00593
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Norah M. King

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion for Conditional Class Certification pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). (ECF No. 33.) For the reasons that follow Plaintiff's motion is **GRANTED** subject to the conditions outlined below.

### I. Background

Plaintiffs Brian E. Heibel, Ryan V. Mook, Trisha E. Murray, Cliff Bostrom, Lee W. Struck, and Christopher B. Kusserow ("Plaintiffs") bring claims pursuant to the FLSA,[1] alleging that Defendant, U.S. Bank National Association, misclassified them as exempt from the FLSA. Plaintiffs specifically contend that Defendant failed to pay overtime and made improper deductions from their wages. (Second Am. Comp. ¶¶ 54–62, ECF No. 29.)

Plaintiffs worked as Mortgage Loan Officers ("MLOs") for Defendant's Columbus, Ohio area offices. Plaintiffs submit that their primary duty as MLOs was to sell Defendant's mortgage products. (*See, e.g.,* Heibel Decl. ¶ 3, ECF No. 33-1; Mook Decl. ¶ 3, ECF No. 33-2; Murray

---

[1] Plaintiffs also bring claims on behalf of a subclass under Ohio law.

Decl. ¶ 3, ECF No. 33-3.) They further provide that Defendant paid them entirely on a commission basis pursuant to its companywide Incentive Compensation Plan. (*See, e.g.*, Bostrom Decl. ¶¶ 4, 18, ECF No. 33-4; Struck Decl. ¶¶ 4, 18, ECF No. 33-5; Kusserow Decl. ¶¶ 4, 18, ECF No. 33-6.)

Within their current Motion, Plaintiffs request that the Court conditionally certify a nationwide class including all MLOs who worked for Defendant from July 7, 2008 to the present. According to Defendant, such a class consists of approximately 1600 people. In support of the Motion, each of the six named Plaintiffs provides a declaration. Through these declarations, Plaintiffs assert that they were aware of other MLOs who worked in excess of forty hours per week and were subject to deductions from their paychecks. (*See, e.g.*, Heibel Decl. ¶¶ 14, 20; Mook Decl. ¶¶ 14, 20.) According to Plaintiffs, the Incentive Compensation Plan, which did not include the payment of overtime, covered all MLOs. (*See, e.g.*, Murray Decl. ¶ 23.)

Defendant opposes conditional certification of a nationwide class of MLOs. Defendant contends that Plaintiffs' claims will raise a number of fact-specific issues as to each individual MLO, making class-wide certification inefficient. To support this contention, Defendant submits the declarations of several MLOs to suggest that a number of exemptions will apply to MLOs within a nationwide class. For example, Defendant provides evidence indicating that because MLOs' compensation varies, some MLOs will be subject to the FLSA's highly compensated employee exemption. (*See, e.g.*, Anderson Decl. ¶ 17, ECF No. 45-6); *see also* 29 C.F.R. § 541.601(a) ("An employee with total annual compensation of at least $100,000 is deemed exempt under [the FLSA] if the employee customarily and regularly performs any one or more of the exempt duties or responsibilities of an executive, administrative or professional

2

employee . . . .").

Following their Motion for Class Certification, Plaintiffs filed opt-in consent forms from a number of individuals (hereinafter "opt-in Plaintiffs") seeking to join this action. Plaintiffs submit declarations from seven opt-in Plaintiffs with their Reply.[2] These opt-in Plaintiffs worked as MLOs for Defendant during the relevant time period in various branches spanning four different states. (*See, e.g.*, Newton Decl. ¶ 5, ECF No. 53-7; Durham Decl. ¶ 5, ECF No. 53-4.) The opt-in Plaintiffs indicate that their primary duty as MLOs was to sell mortgage products; their payment was based entirely on commission; and they, as well as other MLOs, worked more than forty hours per week on a regular basis without receiving overtime. (*See, e.g.*, Gerardo Decl. ¶¶ 3–4, 13–14, ECF No. 53-5; Ruglio Decl. ¶¶ 3–4, 14–15.) Additionally, some of the opt-in Plaintiffs assert that in March 2011 Defendant held a meeting and informed its MLOs that it was reclassifying all of its MLOs from exempt to non-exempt. (*See, e.g.*, Newton Decl. ¶ 18.) Accordingly, taking the affidavits at face value, some of the opt-in Plaintiffs provide that in April 2011 they became eligible to receive overtime. (*See, e.g., id.*)

## II. Standard

Under the FLSA:

> An action to recover the liability . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other

---

[2] As Defendant stresses, it is generally improper for a party to raise new arguments or submit new evidence in its Reply. This Court looks unfavorably at new evidence submitted only in a reply memorandum. Nevertheless, Defendant has had an opportunity to respond to the new evidence in this case because the Court permitted a Sur-Reply. (*See* ECF No. 59.) Accordingly, the Court will consider the declarations attached to Plaintiffs' Reply. *Cf. Mauer v. Deloitte & Touche, LLP*, 752 F. Supp. 2d 819, 824 (S.D. Ohio 2010) (permitting a sur-reply to address new evidence that a party produced after the completion of briefing).

> employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Accordingly, "[s]ection 216(b) establishes two requirements for a representative action: 1) the plaintiffs must actually be 'similarly situated,' and 2) all plaintiffs must signal in writing their affirmative consent to participate in the action." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). The United States Supreme Court has held that under 29 U.S.C. § 216(b) a district court may "facilitat[e] notice to potential plaintiffs." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

The United States Court of Appeals for the Sixth Circuit has implicitly upheld a two-step procedure for determining whether an FLSA case should proceed as a collective action. *In re HCR ManorCare, Inc.*, No. 11–3866, 2011 WL 7461073, at *1 (6th Cir. Sept. 28, 2011); *see also Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 213 (S.D. Ohio 2011) (applying the two-step procedure). "First, in what is referred to as the initial notice stage, the Court must determine whether to conditionally certify the collective class and whether notice of the lawsuit should be given to putative class members." *Swigart*, 276 F.R.D. at 213 (internal quotations omitted). "At the second stage of the proceedings, the defendant may file a motion to decertify the class if appropriate to do so based on the individualized nature of the plaintiff's claims." *Id.*

At the first stage, "Plaintiffs must only make a modest showing that they are similarly situated to the proposed class of employees." *Lewis v. Huntington Nat. Bank*, 789 F. Supp. 2d 863, 867 (S.D. Ohio 2011). This standard is "'fairly lenient . . . [and] typically results in conditional certification.'" *Id.* at 868 (quoting *Comer*, 454 F.3d at 547); *see Lacy v. Reddy Elec. Co.*, No. 3:11–cv–52, 2011 WL 6149842, at *2 (S.D. Ohio Dec. 9, 2011) ("[C]ollective actions

4

have been certified based on no more than a couple of declarations and a deposition transcript.").

During this stage, the Court does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility. *Swigart*, 276 F.R.D. at 214 ("At the notice stage, district courts within the Sixth Circuit typically do not consider the merits of the plaintiff's claims, resolve factual disputes, make credibility determinations, or decide substantive issues."); *see also Lacy*, 2011 WL 6149842, at *3 ("Requiring any more factual support from Plaintiff at this early stage, or weighing [Defendant's] competing factual assertions, would intrude improperly into the merits of the action, essentially imposing a burden upon Plaintiff to prove the factual predicates of his claim as a precondition to obtaining preliminary conditional certification.") (internal citations omitted). Moreover, the FLSA analysis does not import "the more stringent criteria for class certification under Fed. R. Civ. P. 23" and it is also "less stringent than [the] Rule 20(a) requirement that claims 'arise out of the same action or occurrence' for joinder to be proper." *O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009). The decision whether to conditionally certify a class, and therefore facilitate notice, is within the discretion of the trial court. *See Hoffman-La Roche*, 493 U.S. at 169.

Neither the FLSA nor the Sixth Circuit have explicitly defined the meaning of "similarly situated." *O'Brien*, 575 F.3d at 584. This Court has emphasized that at the initial notice stage, a plaintiff "[']need only show that [his] position [is] similar, not identical, to the positions held by the putative class members.'" *Lewis*, 789 F. Supp. 2d at 867–68 (quoting *Pritchard v. Dent Wizard Intern. Corp.*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)) (alterations in original). Furthermore, "[t]he Court should consider whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; whether evidence of a widespread discriminatory

5

plan was submitted, and whether as a matter of sound class management, a manageable class exists." *Lewis*, 789 F. Supp. 2d at 868 (internal quotations omitted). The Sixth Circuit has provided that one example of an appropriate FLSA collective action is where the potential plaintiffs are "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *O'Brien*, 575 F.3d at 585. The Sixth Circuit has further explained that the Court should not apply a "Rule-23 type analysis" as to whether "individualized questions will predominate." *Id.* at 585–86.

### III. Analysis

Defendant opposes conditional certification on a variety of grounds. First, Defendant maintains, citing principles of *stare decisis* and comity, that this Court should defer to the Northern District of California's prior holding in *Guess v. U.S. Bancorp, et al.*, No. 06-07535, (N.D. Cal. Aug. 8, 2008) (slip opinion) (hereinafter "*Guess*"), in which the court denied a plaintiff's motion for conditional class certification. Second, Defendant contends that Plaintiff has failed to satisfy its burden of demonstrating that a nationwide class of MLOs is similarly situated within the meaning of 28 U.S.C. § 216(b). Third, Defendant maintains that the Court should deny conditional certification because Plaintiffs' counsel has engaged in pre-certification solicitation of potential putative class members. The Court will address these issues sequentially. Additionally, the Court will consider Plaintiffs' request to toll the statute of limitations as well as the proper procedure for notice.

### A.   *Stare Decisis*

As a preliminary matter, the Court will consider the value of the *Guess* decision. In *Guess*, the plaintiff initially attempted to bring a nationwide FLSA collective action on behalf of

all "Financial Sales Representatives" against U.S. Bank. *See Guess v. U.S. Bancorp*, No. 06-07535, 2008 WL 544475, at *2 (N.D. Cal. Feb. 26, 2008). The plaintiff in *Guess* provided only two declarations, his own and the declaration of his counsel, to contend that he was similarly situated to his purported class. *Id.* at *3. The *Guess* court denied this motion without prejudice. *Id.* The plaintiff then brought a renewed class certification motion, this time limiting the putative class to Mortgage Loan Officers. *Guess v. U.S. Bancorp, et al.*, No. 06-07535, slip op. at 2 (N.D. Cal. Aug. 8, 2008). The *Guess* court denied this motion on two grounds. First, the court held that Guess' claim was time-barred. *Id.* at 4–6. Second, the court held that Guess had still failed to produce sufficient evidence as to the entire putative class, as he was only able to produce one additional declaration following minimal discovery. *Id.* at 6–7.

Even considering the principle of *stare decisis*, the Northern District of California's determination in *Guess* is not binding on this Court.[3] The United States Supreme Court recently stated, within the context of a Rule 23 class certification, that it "would expect federal courts to apply principles of comity to each other's class certification decisions when addressing a common dispute." *Smith v. Bayer Corp.*, 131 S.Ct. 2368, 2382 (2011). Nevertheless, neither comity nor *stare decisis* make the *Guess* court's decision binding on this court, nor does the

---

[3] In setting forth this line of argument, Defendant indicates that it is not asking the Court to apply either *res judicata* or collateral estoppel. (*See* Sur-Reply 3, ECF No. 59.) Even were the Court to consider such doctrines, however, they are clearly inapplicable. For example, collateral estoppel would not apply because the current Plaintiffs were not adequately represented in the *Guess* action. *See Stryker Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 681 F.3d 819, 825 (6th Cir. 2012) (providing, for the purposes of collateral estoppel, that a non-party will not be adequately represented in a prior action without "an express or implied legal relationship in which parties to the first suit are accountable to non-parties who file a subsequent suit raising identical issues.") (internal quotations omitted); *cf. also McElmurry v. U.S. Bank Nat. Ass'n*, 495 F.3d 1136, 1139 (9th Cir. 2007) (explaining that in a collective action under the FLSA "only those plaintiffs who expressly join the collective action are bound by its results").

7

decision relieve this Court of its obligation to conduct an independent analysis. *See Gilbert v. Nat'l Emp. Benefit Co., Inc.*, 466 F. Supp. 2d 928, 933 (N.D. Ohio 2006) ("Under *stare decisis*, a district court in this circuit is bound only by opinions of the U.S. Supreme Court and the U.S. Court of Appeals for the Sixth Circuit, while other authority is advisory."). Moreover, while similar, there are clear distinctions between the circumstances the *Guess* court considered and the matter currently before this Court. Most importantly, it appears that Plaintiffs in this case have produced more evidence—than the plaintiff in *Guess*—to establish that they are similarly situated to members of the potential class.

## B.    **Similarly Situated**

Because the *Guess* decision is not binding, the Court must decide whether Plaintiffs have made a modest factual showing that they are similarly situated to the proposed class. Plaintiffs have submitted declarations from the six named Plaintiffs and seven opt-in Plaintiffs. Defendant, on the other hand, provides the declarations of several other MLOs to suggest that a number of FLSA exemptions will apply to a nationwide class.

At this initial notice stage, the Court finds that Plaintiffs have satisfied their lenient evidentiary burden. Plaintiffs' declarations suggest that MLOs within Columbus area branches as well as various other branches across four other states performed the same basic job duties, frequently worked over forty hours per week, and were not paid overtime.[4] Moreover, Plaintiffs' declarations indicate that MLOs were paid under Defendant's Incentive Compensation Plan,

---

[4] Defendant challenges Plaintiffs declarations as speculative. The Court agrees that to the extent Plaintiffs attempt to testify as to the specific job duties of MLOs across the country, such testimony does not appear to be based on personal knowledge. At the same time, however, the Court would expect Plaintiffs to have at least some personal knowledge of the practices of other MLOs within their area.

8

which did not include overtime pay. Finally, the declarations from the opt-in Plaintiffs provide that in April 2011 Defendant reclassified all of its MLOs to non-exempt status and began permitting overtime compensation.[5] The Court acknowledges, as Defendant stresses, that this reclassification is not an admission of liability and will likely have limited, if any, probative value as to the ultimate merits of Plaintiffs' claims. Nevertheless, as Defendant also stresses, employees job duties play an important role in determining whether FLSA exemptions apply. Accordingly, at this preliminary stage, the fact that Defendants chose to reclassify MLOs as a group implies that its MLOs, as a whole, perform similar duties. Notably, other courts have found similar evidence persuasive at the initial notice stage. *See Wlotkowski v. Michigan Bell Tel. Co.*, 267 F.R.D. 213, 217–18 (E.D. Mich. 2010) (holding that plaintiffs presented sufficient evidence of similar situation in part because they provided that the defendant reclassified its engineers from exempt to non-exempt employees); *Smallwood v. Illinois Bell Tel. Co.*, 710 F. Supp. 2d 746, 752 (N.D. Ill. 2010) ("A common policy or plan appears to exist because . . . all OSP Engineers were uniformly reclassified as non-exempt employees, making them eligible for overtime payments."); *cf. also Swigart*, 276 F.R.D. at 213 (approving class certification of Fifth Third Bank's MLOs in part because "all persons in the proposed collective class were subject to the same employment classification that Plaintiffs allege violates the FLSA").

The Court will not resolve merit and factual disputes regarding what exemptions may apply during this stage. As detailed above, Defendant submits declarations from select

---

[5] Defendant submits contrary evidence, suggesting that only some MLOs were reclassified. (*See* Mayne Decl. ¶¶ 2–3, ECF No. 59-1.) As discussed further below, however, the Court will not resolve factual disputes at this time.

9

employees indicating that MLOs' job duties vary and that several FLSA exemptions may apply.[6] At this time, however, Plaintiffs have produced sufficient evidence suggesting that MLOs generally performed the same basic duties and were compensated in the same manner during the period in question. The Court finds that any detailed inquiry into what exemptions or other individualized considerations may apply, or whether such consideration will ultimately make the class unmanageable, is premature at this initial stage prior to discovery. *Cf. Wlotkowski*, 267 F.R.D. at 219 ("[N]umerous courts have conditionally certified cases where the defendant relied on the administrative exemption as a defense to FLSA liability."); *Neary v. Metro. Prop. & Cas. Ins. Co.*, 517 F. Supp. 2d 606, 620 (D. Conn. 2007) ("Defendant's argument that in determining whether its claim of applicability of the administrative exemption is valid, individualized inquiry is necessary, does not preclude certification at this first stage.").

Accordingly, given the circumstances of this case, Plaintiffs have met their initial burden of demonstrating that they are similarly situated to their proposed class. The Court stresses that at the second stage of certification proceedings, Defendant may move to decertify the class and demonstrate that the class is unmanageable. As this Court has provided:

> Conditional certification is meant only to aid in identifying similarly situated employees. It is not a final determination that the case may proceed as a collective action. After the opt-in forms have been filed and discovery is complete, a defendant may file a motion for decertification. At that point, the court examines with much stricter scrutiny the question of whether these other employees are, in fact, similarly situated.

---

[6] Defendant also attempts to challenge Plaintiffs' credibility on various grounds. The Court does not, however, assess credibility at the conditional certification stage. *Swigart*, 276 F.R.D. at 214. Defendant also imply that some MLOs may have waived their right to participate in any collective action. The Court will consider whether such issues warrant decertification at the second stage of the collective action process.

10

*Lacy*, 2011 WL 6149842, at *2.

## C. Pre-Certification Communications

In addition to maintaining that the class is not similarly situated, Defendant also contends that Plaintiff has engaged in improper solicitation of potential class members prior to the Court's conditional classification. Defendant specifically provides the Court with a letter Plaintiffs' counsel sent to one of the Defendant's employees regarding the suit. (Ex. 18, ECF No. 45-5.) Defendant also highlights Plaintiffs' counsel's website providing information about the suit as well as opt-in consent forms. (*See* Exs. 19–20, ECF No. 45-5.) Defendant contends that because of this conduct the Court should both deny the current Motion and strike the notices that the opt-in Plaintiffs have already filed. Plaintiffs, on the other hand, maintain that there is nothing improper with pre-certification communication with potential class members.

Within the context of a Rule 23 class action, the Supreme Court held that "a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 (1981). At the same time, however, the Supreme Court cautioned that any "order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Id.* These general principles apply to 29 U.S.C. § 216(b) collective actions as well. *Zwerin v. 533 Short North, LLC*, No. 2:10–cv–488, 2011 WL 2446622, at *2 (S.D. Ohio June 15, 2011).

Turning specifically to FLSA collective actions, several courts "have found that pre-certification communication with putative members of a collective action should be allowed

11

unless the communication contradicts a court notice, is misleading, or improper." *Goody v. Jefferson County*, No. CV–09–437, 2010 WL 3834025, at *2 (D. Idaho Sept. 23, 2010) (collecting cases); *see also Bennett v. Advanced Cable Contractors, Inc.*, No. 1:12–CV–115, 2012 WL 1600443, at *10 (N.D. Ga. May 7, 2012) ("[P]re-certification communications to potential class members by both parties are generally permitted, and also considered to constitute constitutionally protected speech."). Similarly, this Court recently explained that "a defendant does nothing wrong by communicating directly with someone who may become, but is not yet, a member of . . . an opt-in class under 29 U.S.C. § 216(b)." *Zwerin*, 2011 WL 2446622, at *2.

The United States Court of Appeals for the Seventh Circuit, however, has suggested that a plaintiff should provide notice to the defendant before engaging in pre-certification communication. *Woods v. New York Life Ins. Co.*, 686 F.2d 578, 580 (7th Cir. 1982). The Seventh Circuit admitted, however, that it could not "find any express basis in rule or statute for inferring [this] duty . . . ." *Id.* Rather, 29 U.S.C. § 216(b) appears to encourage early communication with potential class members because "the commencement of a collective action under § 216(b) does not toll the statute of limitations period for plaitniffs who have failed to opt-in . . . ." *Lewis*, 838 F. Supp. at 707 n.4; *see also Bollinger v. Residential Capital, LLC*, 761 F. Supp. 2d 1114, 1122 (W.D. Wash. 2011) ("[A]n individual claimant under § 216(b) is not deemed to have initiated suit until his consent is filed, providing incentive for putative class members to file their consent forms early.")

Under the circumstances of this case, counsels' pre-certification communications with potential class members do not form an appropriate basis for either denying class certification or striking the current opt-in notices. Defendant does not maintain, and it is not apparent to the

12

Court, that counsels' communications were misleading. Even assuming that Plaintiffs' counsel should have contacted Defendant prior to such communications, the circumstances of this case do not suggest that the need for limitation justifies potential interference with the rights of the opt-in Plaintiffs.

**D.     Statute of Limitations**

Plaintiffs request that if the Court grants conditional certification, the Court also toll the statute of limitations while the parties confer as to the proper form of notice. Defendant opposes any tolling of the statute of limitations.

The Court finds that any decision on tolling would be premature. First, the parties offer limited briefing on the issue. Furthermore, the doctrine of equitable tolling "is fact-specific and is applied on a case-by-case basis to prevent inequity." *Beetler v. Trans-Foam, Inc.*, No. 5:11CV132, 2011 WL 6130805, at *4 (N.D. Ohio Dec. 8, 2011) (*Truitt v. Cnty of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)). At this time, the characteristics of the putative class are unclear. Accordingly, the Court will reserve consideration of this issue.

**E.     Notice**

Finally, the parties dispute the proper procedures for implementing notice. Plaintiffs have not produced a proposed notice with their Motion. Instead, Plaintiffs request that the Court direct the parties to submit an agreed proposed Notice of Consent to Join to the Court within seven days of this Opinion and Order. Plaintiffs also request that the Court require Defendant to produce the names of potential opt-in Plaintiffs within seven days of the date of this Opinion and Order. Defendants indicate that seven days is an unreasonable time frame for the production of class-wide data. Additionally, Defendants request that the Court appoint a third-party

13

administrator to facilitate the notice process.

Under these circumstances, the parties are **DIRECTED** to submit simultaneous briefing on the issue of class notice within **SEVEN (7) DAYS** of this Opinion and Order.[7] The briefing should address the form of notice as well as the procedure for distributing notice to the conditional class members. Each party should attach a proposed notice to their briefing.[8] Additionally, the Court **DIRECTS** Defendants to identify potential class members within **FOURTEEN (14) DAYS** of this Opinion and Order. The Court will consider extending this time frame, but only upon a showing of extraordinary cause.

Finally, the Court finds no reason at the current time to appoint a third-party administrator in this case. For the reasons detailed above, the Court does not find Plaintiffs pre-certification communications to be clearly improper. The Court expects the parties to work together to set forth and implement an even-handed notice process.

### IV. Conclusion

For the foregoing reasons, Plaintiff's Motion for Conditional Class Certification (ECF No. 33.) is **GRANTED** subject to the conditions outlined above.

**IT IS SO ORDERED.**

9-27-2012
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

---

[7] Unless the Court explicitly directs, it will not permit responsive briefing on this matter.

[8] The parties are, of course, free to confer with one another to see if they can reach agreement as to the form, and procedure for distributing, notice.

14