IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRIAN E. HEIBEL, *et al.*, on behalf of themselves and others similarly situated, | Case No. 2:11-cv-00593 |
| Plaintiffs, | **Judge Sargus** <br> **Magistrate Judge King** |
| v. | |
| U.S. BANK NATIONAL ASSOCIATION, | |
| Defendant. | |

## ORDER GRANTING FINAL
## APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

AND NOW, upon consideration of the Plaintiffs' Unopposed Motion for Final Class and Collective Action Settlement Approval and Plaintiffs' Unopposed Motion for Approval of Attorneys' Fees, Costs, and Enhancement Payments, the Court hereby grants the Motions and **ORDERS** as follows:

Plaintiffs' Unopposed Motion for Final Class and Collective Action Settlement Approval and Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs, and Enhancement Payments came before this Court on May 9, 2014. The proposed settlement in this case was preliminarily approved by this Court on January 17, 2014. Pursuant to the Court's Preliminary Approval Order and the Notice provided to the Class, the Court conducted a final fairness hearing as required by Federal Rule of Civil Procedure 23(e). The Court has reviewed the materials submitted by the parties and has heard arguments presented by counsel at the hearing. For the reasons cited on the record as well as those stated hereafter, the Court finds and orders as follows:

1

1.	The Court hereby grants final approval of the Class and Collective Action Settlement based upon the terms set forth in the Preliminary Approval Order and the Stipulation and Settlement Agreement ("Settlement") filed by the parties. The Court finds the Settlement fair, adequate, and reasonable to the Class.

2.	The Court finds that this action satisfies the requirements of Rule 23 for settlement purposes only and further finds that the Class has at all times been adequately represented by the Class Representatives and Class Counsel.

3.	The Notice approved by the Court was provided by First Class direct mail to the last-known address of each of the individuals identified as Class Members. In addition, follow-up efforts were made to send the Notice to those individuals whose original notices were returned as undeliverable. The Notice adequately described all of the relevant and necessary parts of the proposed Settlement, the request for Enhancement Payments to the Named Plaintiffs and Class Representatives, and Class Counsel's motion for an award of attorneys' fees and costs.

4.	The Court finds that the Notice given to the Class fully complied with Rule 23, was the best notice practicable, satisfied all constitutional due process concerns, and provides the Court with jurisdiction over the Class Members.

5.	The Court has concluded that the Settlement, as set forth in the Stipulation and Settlement Agreement executed by the parties, is fair, reasonable, and adequate under state and federal laws, including the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. The Court finds that the uncertainty and delay of further litigation strongly supports the reasonableness and adequacy of the $6,450,000 Settlement Amount established pursuant to the Stipulation and Settlement Agreement.

6.	The Settlement is **HEREBY APPROVED** in its entirety.

7. The Settlement Fund shall be dispersed in accordance with the Stipulation and Settlement Agreement as detailed in the Motion for Preliminary Approval of Class and Collective Action Settlement, granted on January 17, 2014.

8. Pursuant to the Stipulation and Settlement Agreement, the Court approves Enhancement Payments in the amount of $5,000 each to Representative Plaintiffs Brian E. Heibel, Ryan V. Mook, Trisha E. Murray, Cliff Bostrom, Lee W. Struck, and Christopher B. Kusserow and $2,000 each to Class Representative Plaintiffs Carolyn Bickel, John Evans, Garret R. Glick, Kara Honebrink, Tamara Isom, Lori Jasicki, Teresa Karaffa, David Ludwig, Timothy Marlin, Tricia Newton, Heidi Randall, James Starkus, Lynda Wareham, Patricia Wicker, and Debbie Workman.

9. For the reasons stated in open court and in the unopposed motion for attorneys' fees and costs, the Court finds Plaintiffs' requested amounts for attorneys' fees and costs reasonable. Plaintiffs' application for attorneys' fees in the amount of $2,150,000 and costs in the amount of $34,356.50 is thus granted.

10. This case is hereby **DISMISSED WITH PREJUDICE**, with each party to bear his, her, or its own costs, except as set forth herein, and with this Court retaining exclusive jurisdiction to enforce the Stipulation and Settlement Agreement, including over disbursement of the Settlement Amount.

11. As provided in the Stipulation and Settlement Agreement, all Rule 23 Class Members who did not opt out of the Settlement have released all Released State Law Claims against the Defendant Releasees as defined in the Stipulation and Settlement Agreement.

12. The following Rule 23 Class Members timely opted out of the Settlement: Bridget Erin Begley, Jennifer Ruth Ellis, Jessica Jericho Friis, Barry Gales, Kevin Richard Larson, Carla Mann Melton, and Azar K. Torabi.

13. As provided in the Stipulation and Settlement Agreement, the following pre-settlement Opt-In Plaintiffs who did not opt out of the Settlement are hereby dismissed without prejudice: Sean M. Averill, Barbra Balog, Firas Billeh, Erik Coppens, Dana L. Goodmiller, Troy A. Gorelick, Ricardo Gutierrez, Fayon P. Haynes, Patrick E. Hiebel, Bradley E. Hodge, Armando F. Juarez, Jeffrey D. Larson, Michael C. Martin, Richard E. Nock, Denise J. Patten, Joanne F. Perez, Jennifer L. Porter, Daljit K. Rahul, Derek J. Rohrbeck, Stephen D. Wessel, and Laura Williams.

14. As provided in the Stipulation and Settlement Agreement, all Participating Claimants who properly and timely submitted Consent to Join Settlement Forms have released all Released State Law Claims and all Released Federal Law Claims against the Defendant Releasees as defined in the Stipulation and Settlement Agreement.

15. In addition, as agreed to by the parties, the eight Participating Claimants who submitted untimely Consent to Join Settlement Forms will receive their settlement payments from the reserve fund. As provided in the Stipulation and Settlement Agreement, these Participating Claimants have released all Released State Law Claims and all Released Federal Law Claims against the Defendant Releasees as defined in the Stipulation and Settlement Agreement.

16. The Court approves the parties' proposed Cy Pres designees, the University of Dayton School of Law Project for Law and Business Ethics, and the Greater Twin Cities United Way.

17. This Order is not admissible as evidence for any purpose against Defendant in any pending or future litigation. This Order shall not be construed or used as support for conditional certification or certification of any class or collective action. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability and Defendant specifically denies any such fault, breach, liability, or wrongdoing. This Order shall not be construed or used as an admission, concession, declaration, or waiver by any party of any arguments, defenses, or claims he, she, or it may have. Neither the fact of, nor any provision contained in the Stipulation and Settlement Agreement or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

18. In short, the unopposed motion for final class- and collective-action settlement approval is **GRANTED**, doc. 161; and the unopposed motion for attorneys' fees, costs, and enhancement payments is **GRANTED**, doc. 162.

19. The Court hereby enters Judgment approving the terms of the Settlement. This Order shall constitute a Final Judgment for purposes of Fed. R. Civ. P. 58.

**IT IS SO ORDERED.**

5-21-2014
**DATED**

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE